UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

20-CV-310 (EK) (RER)

───────────────────

KISHA BARI,

Plaintiff,

VERSUS

IMPREMEDIA OPERATING COMPANY, LLC,

Defendant.

───────────────────

**REPORT & RECOMMENDATION**

January 8, 2021

───────────────────

**TO THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

On January 17, 2020, Plaintiff Kisha Bari ("Plaintiff") brought this copyright infringement action against Defendant Impremedia Operating Company, LLC ("Defendant") pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*. (Dkt. No. 1 ("Compl.")). On January 21, 2020, Defendant was served. (Dkt. No. 6). After Defendant failed to answer or otherwise defend against the suit, the Clerk of the Court entered default against it. (Dkt. No. 8). Plaintiff subsequently filed this Motion for Default Judgment. (Dkt. No. 9). Your Honor referred this Motion to me for a Report and Recommendation. (Order dated 7/01/2020). For the reasons discussed below, I respectfully recommend that Plaintiff's Motion for Default Judgment be granted and that Plaintiff be awarded $1,000 in statutory damages, $600 in attorney's fees, and $440 in costs.

1

# BACKGROUND[1]

Plaintiff, a New York photographer, took a photograph of the composer, lyricist, and actor Lin-Manuel Miranda marching at a protest (the "Photograph"). (Compl. ¶¶ 5, 7). Defendant is a Delaware company that owns and operates a news website at the URL: www.LaOpinion.com. (Compl. ¶ 6). Plaintiff first published the Photograph no earlier than June 24, 2018 (Dkt. No. 11 ("Statement of Damages") ¶ 2). Defendant ran an article on its website featuring the Photograph without Plaintiff's licensing permission or consent on June 30, 2018. (Compl. ¶¶ 6, 10–11; Dkt. No. 1-2 ("Compl. Ex. B")). Plaintiff subsequently registered the Photograph with the United States Copyright Office under the Copyright Registration Number VA 2-114-402, with an effective registration date of July 31, 2018. (Compl. ¶ 9; Statement of Damages ¶ 2). Plaintiff brings this action for copyright infringement seeking statutory damages as well as attorney's fees and costs. (Compl. ¶¶ 17–18).

# LEGAL STANDARD

Federal Rule of Civil Procedure 55 ("Rule 55") lays out a two-step process that the court must follow before entering a default judgment against a defendant. *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). First, Rule 55(a) provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend," the Clerk of the Court must enter the party's default by making a notation on the record. FED. R. CIV. P. 55(a). The second step is the entry of a default judgment, which "converts the defendant's admission of liability into a final

---

[1] Unless otherwise indicated, the following factual allegations are taken as true. *See Bricklayers Ins. & Welfare Fund v. Rockmore Contracting Corp.*, No. 11-CV-3854 (FB) (RER), 2013 WL 2120306, at *2 (E.D.N.Y. Mar. 8, 2013), *R & R adopted by* 2013 WL 2119628 (May 15, 2013).

judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).

In considering default judgment, all well-pleaded factual allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009). However, the court "need not agree that the alleged facts constitute a valid cause of action," and should "determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *Mickalis Pawn Shop, LLC*, 654 F.3d at 137 (internal quotations and citations omitted). Finally, "allegations in the complaint with respect to the amount of damages are not deemed true" and the court must "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted).

## DISCUSSION

In this case, Plaintiff has satisfied the above threshold requirements of Rule 55. Plaintiff has adequately alleged a copyright infringement claim and is entitled to recover damages as a result of the infringement.

### I. Liability

Plaintiff brings a claim against Defendant under sections 106 and 501 of the Copyright Act. (Compl. ¶ 14). Section 501 of the Copyright Act provides for a copyright owner's private right of action against "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122." 17 U.S.C. § 501(a)–(b). Exclusive rights include the right "(1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106.

3

To prevail on a copyright infringement claim, the plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Sheldon v. Plot Com.*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *R & R adopted by* 2016 WL 5107058 (Sept. 19, 2016) (quoting *Feist Publ., Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)).

The plaintiff can prove ownership of a valid copyright through a copyright registration number. *Whitehead v. Mix Unit, LLC*, No. 17 Civ. 9476 (VSB) (JLC), 2019 WL 384446, at *2 (S.D.N.Y. Jan. 31, 2019), *R & R adopted by* 2019 WL 1746007 (Apr. 18, 2019). Here, Plaintiff has submitted the registration number. (Compl. ¶ 9). Furthermore, the Court has taken judicial notice of this copyright registration in the Copyright Office's registry. *See Lowery v. Fire Talk LLC,* No. 19-CV-3737 (LDH) (RER), 2020 WL 5441785, at *2 (E.D.N.Y. June 29, 2020), *R & R adopted by* 2020 WL 5425768 (Sept. 10, 2020) (quoting *Papazian v. Sony Music Entm't*, No. 16 Civ. 7911 (RJS), 2017 WL 4339662, at *6 n.6 (S.D.N.Y. Sept. 28, 2017)) (collecting cases). Plaintiff has sufficiently alleged she is the owner of a valid copyright for the Photograph and therefore has met the first element of an infringement claim.

Plaintiff also meets the second element. The burden of proving a work's originality is minimal. *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.,* No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019), *R & R adopted by* 2019 WL 291145 (Jan. 23, 2019). Originality "simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind." *Korzeniewski,* 2019 WL 312149, at *6 (quoting *Sheldon*, 2016 WL 5107072, at *11) (internal quotations omitted). "Photographs are often found to be original works." *Id.* A photograph's originality can be found in, *inter alia*, the "choice of subject matter, angle of

4

photograph, lighting, determination of the precise time when the photograph is to be taken . . . and the area in which the pictures are taken." *E. Am. Trio Prods. Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y.), *appeal dismissed*, 243 F.3d 559 (Fed. Cir. 2000). Here, the Photograph is an independent creation of Plaintiff, who had to make creative choices about its lighting, angle, subject matter, and location. Moreover, Defendant "undeniably copied original elements of [P]laintiff's work, by using the exact photograph taken by [Plaintiff]." *Sheldon*, 2016 WL 5107072, at *12.

Having determined that Plaintiff satisfies both elements of a copyright infringement claim, I respectfully recommend the Court find the Defendant liable for copyright infringement under the Copyright Act.

## I.  Damages

Plaintiff requests relief in the form of statutory damages, costs, and attorney's fees under the Copyright Act. (Dkt. No. 10 ("Liebowitz Decl.") ¶¶ 11–12). In cases of default judgment, "the court is not required to take [p]laintiff's allegations as true in relation to damages." *Lowery*, 2020 WL 5441785, at *3. Rather, "'the court must . . . ascertain the amount of damages with reasonable certainty.'" *Korzeniewski*, 2019 WL 312149, at *6 (quoting *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878 (RJD) (JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007)). While the court may determine damages through an evidentiary hearing, the inquest may be "based solely on the materials submitted by plaintiff." *See Reilly v. Plot Com.*, No. 15 Civ. 5118 (PAE) (BCM), 2016 WL 6837895, at *2 (S.D.N.Y. Oct. 31, 2016). Here, Plaintiff has argued that a "formal inquest is unnecessary because Plaintiff has elected an award of statutory damages." (Liebowitz Decl. ¶ 21).

For the reasons below, I respectfully recommend that Plaintiff's request for damages be granted in part and modified as follows.

### A. Statutory Damages

A copyright owner who has registered her copyright may recover statutory damages of $750 to $30,000 for unintentional infringement and up to $150,000 for willful infringement. 17 U.S.C. § 504(c)(1)–(2). The court has broad discretion in awarding damages within these ranges to serve "the dual purposes of the Copyright Act—compensation of copyright owners and deterrence of potential infringers." *Warner Brothers Entm't v. Carsagno*, No. 06-CV-2676 (NG) (RLM), 2007 WL 1655666, at *3 (E.D.N.Y. June 4, 2007) (quoting *Video Aided Instruction, Inc. v. Y & S Express, Inc.*, No. 96-CV-518 (CBA) (RML), 1991 WL 711513, at *3 (E.D.N.Y. Oct. 29, 1996)) (internal quotations omitted). Here, Plaintiff seeks to recover $30,000 in statutory damages claiming willful infringement. (Statement of Damages ¶ 3).

Copyright owners are eligible for statutory damages only if they register their copyright "[three] months after the first publication of the work or [one] month after the copyright owner learned of the infringement." 17 U.S.C. § 412. Because the Photograph was registered within three months of its initial publication, Plaintiff is eligible for statutory relief pursuant to 17 U.S.C. § 412. *See also Malibu Media, LLC v. Doe*, No. 18-CV-6432 (DRH) (SIL), 2020 WL 2736723, at *3 (E.D.N.Y. Apr. 7, 2020), *R & R adopted by* 2020 WL 2734900 (May 26, 2020).

Courts in this circuit determining statutory damages for copyright infringement consider the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

6

*Bryant v. Media Rights Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010). Defendant's default has deprived Plaintiff of the opportunity to obtain meaningful discovery that would aid in the consideration of these factors. "Notwithstanding the defendant's default, the plaintiff still has the ability—and the responsibility—to present some minimal amount of evidence in support of her damages request, such as publicly available information about the defendant, interactions or lack thereof between the plaintiff and defendant, or the length of the infringing activity." *Lowery,* 2020 WL 5441785, at *3 (citing *Seelie v. Original Media Grp., LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020)). "Moreover, the defendant's default has no effect on the plaintiff's ability to present evidence that is in her sole control." *Id.* (citing *Seelie*, 2020 WL 136659, at *2).

As for the first factor, Plaintiff alleges "willful" infringement by the Defendant. (Compl. ¶ 15). A plaintiff alleging "willful infringement of a copyright . . . must prove that a defendant acted with 'actual aware[ness]' or 'reckless disregard' of the infringing activity." *Zlozower v. Barlotta*, No. 11-CV-1555 (RER), 2012 WL 13098709, at *4 (E.D.N.Y. Apr. 3, 2012) (citing *Island Software and Comput. Serv. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)). Courts may infer willfulness from a defendant's default. *Malibu Media,* 2020 WL 2736723, at *3 (collecting cases). Furthermore, as the owner and operator of a news website, Defendant should have had greater awareness of copyright laws. *See Mantel v. Smash.com Inc.*, No. 19-CV-6113 (FPG), 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) ("Defendant's status as a publisher in online media makes its infringement more blameworthy."); *Seelie*, 2020 WL 136659, at *4 (finding the fact that the defendant was a publisher was indicative of willfulness because of an increased knowledge of copyright laws).

"However, not all willful conduct constitutes the kind of truly egregious conduct that justifies maximum damages." *Reilly*, 2016 WL 6837895, at *9 (internal quotations and citation omitted). When courts in this circuit have awarded substantial statutory damages for copyright infringement, "there [was] additional evidence of willfulness and allegations of actual awareness on the part of the defendants of their infringing activity." *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149 (PKC) (PK), 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (collecting cases). "[U]sually at least one cease-and-desist letter sent to the defendant, and, frequently, requests for injunctive relief" have also been presented. *Id.* Here, Plaintiff has neither proffered such additional evidence nor made allegations that would indicate any "egregious conduct."

I cannot assess the second factor due to a lack of information about the infringer's savings or profits. With respect to the third factor, Plaintiff, a professional photographer, chose not to establish any lost revenue of her own by declining to submit evidence of actual losses, such as licensing fee history. (Liebowitz Decl. ¶ 15). While "[s]tatutory damages need not be directly correlated to actual damages . . . they ought to bear some relation to actual damages suffered." *Mantel,* 2019 WL 5257571, at *3 (quoting *Philpot v. Music Times LLC*, No. 16 Civ. 1277 (DLC) (DF), 2017 WL 9538900, at *8 (S.D.N.Y. Mar. 29, 2017), *R & R adopted by* 2017 WL 1906902 (May 9, 2017)) (internal quotations omitted). Moreover, the court may infer a "seeming absence of tangible harm" from Plaintiff failing to submit evidence of actual losses. *Id.* Absent evidence of actual losses, I conclude that Plaintiff's lost revenue is *de minimis. See Balhetchet v. Su Caso Mktg. Inc.,* No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020).

Plaintiff instead relies on the fourth factor, seeking statutory damages to deter willful infringers. (Liebowitz Decl. ¶ 15). The possibility of discouraging the infringer and other potential infringers from future similar conduct can favor a significant award. *See Prokos v. Grossman*, No.

8

19-CV-4028 (BMC), 2020 WL 729761, at *2 (E.D.N.Y. Feb. 13, 2020); *Manno v. Tenn. Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 434 (S.D.N.Y. 2009). Evidence of the infringer being a serial copyright violator or the infringer's gross revenues can weigh strongly on the need for deterrence. *Seelie*, 2020 WL 136659, at *4. But Plaintiff has failed to allege any facts that indicate deterrence is an issue here.

Through its default, Defendant has not cooperated "in providing evidence concerning the value of the infringing material, which weighs in favor of a heightened award under the fifth factor." *Idir v. La Calle TV, LLC*, No. 19 Civ. 6251 (JGK), 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020). As to the sixth factor, Plaintiff's conduct does not weigh in her favor since Plaintiff failed to provide evidence that would allow the Court to determine a fair award. *See Lowery*, 2020 WL 5441785, at *5 ("Plaintiff also demonstrates a certain lack of cooperation, including her failure to allege any information about her interactions with Defendant, Defendant's response to any cease-and-desist letters sent, and information regarding her usual fee.").

Given the nature of the infringement and lack of support for actual losses, I respectfully recommend a statutory damages award of $1,000. This amount is consistent with this Court's prior awards of statutory damages in similar copyright infringement cases. *See, e.g., Dermansky*, 2020 WL 1233943, at *6 (awarding $1,000 in statutory damages where the plaintiff alleged a single act of willful infringement in a default action but did not submit evidence of actual losses); *Balhetchet*, 2020 WL 4738242, at *4 (awarding $1,000 for the unauthorized use of a photograph where the conduct was willful but there was no evidence of actual harm).

B. Attorney's Fees

Plaintiff seeks to recover $1,912.50 in attorney's fees. (Liebowitz Decl. ¶ 19). The prevailing party may recover a reasonable attorney's fee under 17 U.S.C.S. § 505. This award lies

9

within the court's "sole and rather broad discretion." *Sheldon*, 2016 WL 5107072, at *18 (quoting *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), *aff'd,* 249 F. App'x 845 (2d Cir. 2007) (internal quotations omitted). The court may look to a "broad range of equitable factors, including the non-prevailing party's frivolousness, motivation, objective unreasonableness . . . together with the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* (internal quotations omitted). Defendant's default and Plaintiff's lack of detailed allegations do not leave me with an adequate basis to assess these factors. Still, attorney's fees and costs are appropriate where a defendant has defaulted. *Sadowski v. Render Media Inc.,* No. 17 Civ. 9045 (PGG) (JLC), 2020 WL 5968668, at *4 (S.D.N.Y. Oct. 8, 2020) (internal quotations and citations omitted).

Courts in the Second Circuit calculate reasonable attorney's fees by using the lodestar method. *See Baker*, 431 F. Supp. 2d at 360; *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Under this method, "fees are determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Baker*, 431 F. Supp. 2d at 360. To this end, the court must consider "the reasonableness of counsel's hourly rate and . . . the reasonableness of the number of hours expended by counsel on the case." *Lowery,* 2020 WL 5441785, at *6.

Mr. Liebowitz, Plaintiff's counsel, requests $1,912.50 in attorney's fees at an hourly rate of $425 for 4.5 hours of work. (Liebowitz Decl. ¶ 19). This Court has determined reasonable rates in the Eastern District to range from "$300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Zuffa, LLC v. S. Beach Saloon, Inc.,* No. 15-CV-6355 (ADS) (AKT), 2019 WL 1322620, at *8 (E.D.N.Y. Mar. 6, 2019), *R & R adopted by* 2019 WL 1317568 (Mar. 22, 2019) (collecting cases). Mr. Liebowitz attests that his

10

hourly rate of $425 reflects his status as a "founding member and managing partner" of his law firm and his experience in filing "over a thousand copyright lawsuits in S.D.N.Y. and E.D.N.Y." since starting practice in January 2016. (Liebowitz Decl. ¶ 18). Courts in this circuit, however, have found Mr. Liebowitz's level of experience to be more commensurate with a senior associate's since he only began practicing law approximately five years ago. *See Lowery*, 2020 WL 5441785, at *6 (collecting cases). I choose to follow the determination made in *Lowery*, which set $200 as an appropriate hourly rate for Mr. Leibowitz. *Id*.

As for evaluating a reasonable number of hours, Mr. Liebowitz attests to 4.5 hours of work. (Liebowitz Decl. ¶ 19). This amount is excessive considering the assembly-line nature of this filing. Courts in this circuit have noted Mr. Liebowitz's prolific filing of copyright infringement cases with near-identical documentation that often betray an inattention to detail. *See e.g.*, *Lowery*, 2020 WL 5441785, at *6; *Mantel*, 2019 WL 5257571, at *4; *Whitehead*, 2019 WL 384446, at *6; *Balhetchet,* 2020 WL 4738242, at *5. This case is no different. For instance, Mr. Liebowitz refers to Plaintiff as "her" in the Complaint but later repeatedly uses "his" to refer to Plaintiff, which suggests he did not even bother to change the pronouns of an earlier client. (*Compare* Compl. ¶ 5 *with* Liebowitz Decl. ¶ 15 *and* Statement of Damages ¶ 6). At another point, Mr. Liebowitz refers to a "video" instead of a "photograph." (Liebowitz Decl. ¶ 6). I agree with the analyses in *Lowery* and *Mantel* and find that three hours is a reasonable amount of time for Mr. Liebowitz to have spent on this case, given the "simplicity of the issues, Defendant's default, and the boilerplate nature of much of Plaintiff's filings." *Mantel,* 2019 WL 5257571, at *5.

Accordingly, using the lodestar method with an hourly rate of $200 multiplied by three hours of work, I respectfully recommend the Court grant Plaintiff attorney's fees in the amount of $600 total.

11

**C. Costs**

Plaintiff requests $440 in costs: $400 for the filing fee and $40 for the service fee. (Liebowitz Decl. ¶ 19). The Copyright Act provides that a court may allow the recovery of full costs. *See* 17 U.S.C. § 505. The service fee is noted on the proof of service filing signed by the process server. (Dkt. No. 6). Plaintiff has not backed the request for the Court's filing fee with any supplemental material, such as a receipt. However, courts are permitted to take judicial notice of the district's filing fee. *See, e.g.*, *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ) (AYS), 2020 WL 473619, at *12 (E.D.N.Y. Jan. 29, 2020); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013). Therefore, I find it appropriate to take judicial notice of this District's $400 filing fee. (*See* Dkt. No. 1 Entry dated 1/17/2020 noting "filing fee $400, receipt number ANYEDC-12271246"). Therefore, I respectfully recommend the Court grant Plaintiff costs in the amount of $440.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment be granted and that the Court award Plaintiff: (1) $1,000 in statutory damages, (2) $600 in attorney's fees, and (3) $440 in costs. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komittee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the

District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.
    #   #   #   #   #   #

/s/ Ramon E. Reyes, Jr.

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: January 8, 2021
Brooklyn, NY